## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| NSC WHOLESALE HOLDINGS LLC., *et al.*, | Case No. 18-12394 (CSS) |
| Debtors.[1] | (Jointly Administered) |
| | |
| NSC LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 20-_____ (CSS) |
| ALMOST NOTHING INC., | |
| Defendant. | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS
### OF PROPERTY PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550
### AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

The NSC Liquidating Trust (the "Trust" or the "Plaintiff"), by and through its attorneys

Gibbons P.C., filed this complaint the ("Complaint") to avoid and recover transfers against Almost

Nothing Inc. (the "Defendant"), and to disallow any claims held by Defendant.  In support of this

Complaint, Plaintiff states and alleges upon information and belief that:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NSC Wholesale Holdings LLC (6210); National Wholesale Liquidators of Lodi, Inc. (4301); NSC Realty Holdings LLC (4779); NSC of West Hempstead, LLC (5582); Top Key LLC (7503); BP Liquor LLC (2059); and Teara LLC (8660).

## NATURE OF THE ACTION

1.      Plaintiff seeks to avoid and recover from Defendant all preferential transfers of property that were made to or for the benefit of the Defendant during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy cases.  Specifically, the Plaintiff seeks entry of a judgment against the Defendant: (1) pursuant to section 547(b) and 548 of title 11 of the United States Code (the "Bankruptcy Code") avoiding the Transfers (as defined below); (2) pursuant to section 550(a) of the Bankruptcy Code, directing the Defendant to pay the Plaintiff an amount to be determined at trial that is not less than the amount of the Transfers, plus interest and costs; and (3) pursuant to sections 502(d) and (j) of the Bankruptcy Code, disallowing any claim of the Defendant against the Debtors until the Defendant pays in full the amount so determined.

2.      Plaintiff does not waive, but hereby reserves all of its rights to object to any claim filed or scheduled relating to the Defendant for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.      This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (F) and (H).  Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Plaintiff confirms its consent to the entry of a final order or judgment by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

2844421.1 116102-101579

6.      This Court has personal jurisdiction over the Defendant pursuant to Rule 7004 of the Bankruptcy Rules, and because the Defendant transacted and did business with one or more of the Debtors prior to the Petition Date (as defined herein).

7.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

## **BACKGROUND**

8.      On October 24, 2018 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors operated their businesses and managed their properties as debtors-in-possession.

9.      The Debtors' chapter 11 cases (the "Chapter 11 Cases") were jointly administered pursuant to Bankruptcy Rule 1015(b).

10.     As of the Petition Date, the Debtors owned and operated eleven (11) general merchandise close-out stores in four (4) states, Massachusetts, New Jersey, New York and Pennsylvania, trading under the name "National Wholesale Liquidators."  The Debtors employed a unique hybrid merchandising strategy that was premised upon both continuity and close-out products.  The Debtors offered customers both an everyday selection of first quality, brand name merchandise and opportunistic and varying special buys.  A detailed description of the Debtors and their businesses is set forth in greater detail in the *Declaration of Mark Samson in Support of Chapter 11 Petitions and Requests for First Day Relief* [D.I. 2].

11.     On July 16, 2019, an order [D.I. 586] (the "Confirmation Order") confirming the Debtors' Combined Disclosure Statement and Plan (as may be modified, the "Plan"), was entered by the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, and docketed by the

Clerk of the United States Bankruptcy Court for the District of Delaware (the "Court").  The Plan became effective on August 7, 2019.

12.     The Trust was established pursuant to Article VIII of the Plan.  The Trust is a liquidating trust, the primary purpose of which is to (a) liquidate the Assets of the Trust in a manner calculated to conserve, protect and maximize the value of the Assets, and (b) collect and distribute the Assets of the Trust and income and proceeds therefrom to the Beneficiaries, as defined by the Plan.  The rights and duties of the Trust are governed by the NSC Liquidating Trust Agreement (the "Trust Agreement").

### THE PARTIES

13.     Pursuant to the Plan and Trust Agreement, the Trust has been granted the rights to, *inter alia*, file and prosecute all actions, causes of action, or claims of the Debtors or their estates arising under chapter 5 of the Bankruptcy Code that have been duly assigned to the Trust. *See* Plan at Article VIII; Trust Agreement at Article V.

14.     Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for the Debtors.  Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 1620 S. Los Angeles St, #C,  Los Angeles, CA 90015.

### FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

15.     The Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made by Debtors, NSC Wholesale Holdings LLC and/or Top Key LLC (collectively, "NSC") to Defendant on or within ninety (90) days prior to the Petition Date, that is between July 26, 2018 and October 24, 2018 (the "Preference Period").

2844421.1 116102-101579

16.     Plaintiff has determined that NSC made transfers of an interest in its property to or for the benefit of Defendant during the Preference Period totaling not less than the amounts set forth on **Exhibit A** attached hereto, or $30,641.40 in the aggregate (the transfers identified on **Exhibit A**, together with all other transfers to or for the benefit of Defendant of estate property made within the Preference Period, the "Transfer" or "Transfers").

17.     The details of each Transfer are set forth on **Exhibit A** hereto and incorporated by reference herein.  Such details include "Debtor Transferor," "Check Number," "Check Amount," "Clearing Date," "Invoice Number," "Invoice Date," and "Invoice Amount."

18.     **Exhibit A** reflects Plaintiff's present knowledge as to the Transfers made to Defendant by NSC during the Preference Period.  During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made by NSC to Defendant during the Preference Period.  By virtue of this Complaint, Plaintiff is seeking to avoid and recover all Transfers made by NSC during the Preference Period, whether such Transfers are reflected on **Exhibit A** or not.  Plaintiff reserves the right to amend or supplement this original Complaint to include: (i) further information regarding the Transfer(s); (ii) additional transfers; (iii) modifications of and/or revision to Defendant's name; (iv) additional defendants; and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

19.     On or about January 2, 2020, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s).  The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to 11 U.S.C. § 547(c), and requested that if Defendant had evidence to support any affirmative defenses, it provide this

2844421.1 116102-101579

evidence so Plaintiffs could review the same. Plaintiff has also performed its own due diligence evaluation of the reasonably known affirmative defenses available to Defendant.

20.    Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably known affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfer(s) even after taking into account Defendant's alleged affirmative defenses, if any.

## CLAIMS FOR RELIEF

## COUNT I

## (Avoidance of Preferential Transfers – 11 U.S.C. § 547(b))

21.    The Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth at length herein.

22.    Section 547(b) of the Bankruptcy Code empowers the trustee or debtor in possession, for the benefit of the estate, to avoid a transfer to or for the benefit of a creditor if the requirements set forth therein are met.

23.    Pursuant to section 547(b) of the Bankruptcy Code, the Trust may avoid any transfer of an interest of the Debtors in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the Debtors before such transfer was made, (c) made while the Debtors were insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one (1) year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made and the creditor had received payment of such debt to the extent provided by the provisions of title 11 of the Bankruptcy Code.

- 6 -

24.    During the Preference Period and as more particularly described on **Exhibit A**, NSC made Transfers to or for the benefit of Defendant in an aggregate amount of not less than the amount set forth on **Exhibit A** hereto.

25.    NSC was insolvent, and pursuant to section 547(f) of the Bankruptcy Code is presumed to be insolvent, during the ninety (90) day period prior to the Petition Date, and on the dates on which it made each Transfer to Defendant.

26.    Each Transfer was made from NSC, and constituted transfers of an interest of NSC in property.

27.    Defendant was a creditor of NSC at the time of each of Transfers by virtue of supplying services and/or goods for which NSC was obligated to pay or by virtue of otherwise holding a debt owed by one of more of the Debtors.

28.    Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfers either reduced or fully satisfied a debt or debts then owed by NSC to Defendant, as set forth on **Exhibit A** hereto.

29.    Each Transfer was made on account of antecedent debts owed by NSC to Defendant.  The antecedent nature of the debt is evidenced by the lease, purchase order, contracts, agreement, invoices and/or bills of lading identified on **Exhibit A** hereto.

30.    As a result of each Transfer, Defendant received more on its antecedent debts than it would have received if (a) the Transfers had not been made, (b) NSC's bankruptcy case was a case under chapter 7 of the Bankruptcy Code, and (c) Defendant received payment of its antecedent debt to the extent provided by the provisions of title 11 of the Bankruptcy Code.  As evidenced by the Debtors' Chapter 11 Cases, the proofs of claim that were filed against NSC, the Plan, the

Confirmation Order, and the Disclosure Statement, NSC's liabilities exceed its assets such that NSC's unsecured creditors will not receive payment of their claims in full form the Trust.

31.     Defendant has not repaid all or any part of the Transfers.

32.     In accordance with the foregoing, each Transfer constitutes a preferential transfer subject to avoidance pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

33.     Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth at length herein.

34.     To the extent one or more of the Transfers identified on **Exhibit A** was not made on account of antecedent debt, was a prepayment for goods and/or services subsequently received, or was a transfer made by NSC without a corresponding transfer into the payment account by NSC incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    (a)     NSC was insolvent as of the date of the Transfer(s) or became insolvent as a result of the Transfer(s); or

    (b)     NSC was engaged, or about to engage, in business or a transaction for which any property remaining with NSC or for whose benefit the Transfer(s) was made, was an unreasonably small capital; or

    (c)     NSC, at the times relevant to this Complaint, intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

35.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

## COUNT III

### (Recovery of Avoided Transfers – 11 U.S.C. § 550(a))

36.     Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth at length herein, to the extent they are not inconsistent with the allegations contained in this Count III.

37.     Plaintiff is entitled to avoid the Transfers pursuant to either section 547(b) and/or any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "Avoidable Transfers").

38.     Defendant is either the (a) the initial transferee of the Avoidable Transfers, (b) the entity for whose benefit the Avoidable Transfers were made, (c) an immediate or mediate transferee of an initial transferee, or (d) the successor in interest to one of the foregoing.

39.     Plaintiff is entitled to recover from the Defendant the value of each of the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action pursuant to section 550(a) of the Bankruptcy Code.

## COUNT IV

### (Disallowance of Defendant's Proof of Claim
### or Scheduled Claim – 11 U.S.C. § 502(d) and (j))

40.     Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth at length herein.

41.     Defendant is any entity from which property is recoverable under section 550(a) of the Bankruptcy Code and is a transferee of one or more transfers avoidable under section 547(b) or 548 of the Bankruptcy Code.

42.     Defendant has not paid the amount, or turned over the Avoidable Transfer(s), for which Defendant is liable under section 550(a) of the Bankruptcy Code.

2844421.1 116102-101579

43.    Pursuant to section 502(d) of the Bankruptcy Code, any and all filed or scheduled claims the Defendant currently possesses against the Debtors' estates and/or the Trust (collectively, the "Claims") must be disallowed unless and until Defendant repays in full to Plaintiff, pursuant to a judgment or otherwise, an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

44.    Pursuant to section 502(j), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates and/or Plaintiff previously allowed, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers.

## **RESERVATION OF RIGHTS**

45.    Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff might have against Defendant, on any and all grounds, as allowed under the law or in equity

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant:

(a)    declaring that the Avoidable Transfers to the Defendant constitute voidable preferential and/or fraudulent transfers pursuant to sections 547(b) and 548 of the Bankruptcy Code;

(b)    avoiding the Avoidable Transfers and directing and ordering that the Defendant pay the Trust, pursuant to section 550(a) of the Bankruptcy Code, the aggregate amount of the Avoidable Transfers, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with costs and expenses of this action including, but not limited to, attorneys' fees;

(c)    pursuant to sections 502(d) and (j) of the Bankruptcy Code, disallowing any claim held or filed by Defendant against the Debtors' estates until the Defendant returns the Avoidable Transfers to Plaintiff; and

(d)    granting to the Trust such other and further relief as the Court deems equitable and proper.

2844421.1 116102-101579

Dated: October 14, 2020
      Wilmington, DE

                                **GIBBONS P.C.**

                                By: */s/ Natasha M. Songonuga*
                                Natasha M. Songonuga, Esq. (DE 5391)
                                Howard A. Cohen (DE 4082)
                                300 Delaware Ave., Suite 1015
                                Wilmington, DE 19801-1671
                                Telephone: (302) 518-6300
                                Facsimile: (302) 429-6294
                                Email: hcohen@gibbonslaw.com
                                         nsongonuga@gibbonslaw.com

                                      -and-

                                Robert K. Malone
                                One Gateway Center
                                Newark, New Jersey 07102-5310
                                Telephone:  (973) 596-4500
                                Facsimile:  (973) 596-0545
                                Email: rmalone@gibbonslaw.com

                                *Counsel for the NSC Liquidating Trust*

2844421.1 116102-101579

# EXHIBIT A

| Debtor Transferor | Payee | Inv. No. | Inv. Date | Inv. Amt. | Check No. | Check Date | Clear Date | Check Amount |
|---|---|---|---|---|---|---|---|---|
| NSC Wholesale | Almost Nothing Inc | 48711 | 5/8/2018 | 194.40 | 196246 | 7/13/2018 | 8/3/2018 | $  21,613.40 |
| | | 48712 | 5/4/2018 | 311.40 | | | | |
| | | 48713 | 5/4/2018 | 505.80 | | | | |
| | | 48714 | 5/4/2018 | 407.40 | | | | |
| | | 48715 | 5/4/2018 | 194.40 | | | | |
| | | 48716 | 5/8/2018 | 505.80 | | | | |
| | | 48717 | 5/4/2018 | 311.40 | | | | |
| | | 48718 | 5/7/2018 | 194.40 | | | | |
| | | 48720 | 5/8/2018 | 194.40 | | | | |
| | | 48721 | 5/4/2018 | 138.00 | | | | |
| | | 48722 | 5/4/2018 | 192.00 | | | | |
| | | 48723 | 5/4/2018 | 192.00 | | | | |
| | | 48724 | 5/4/2018 | 138.00 | | | | |
| | | 48725 | 5/9/2018 | 138.00 | | | | |
| | | 48726 | 5/7/2018 | 192.00 | | | | |
| | | 48727 | 5/9/2018 | 138.00 | | | | |
| | | 48729 | 5/8/2018 | 192.00 | | | | |
| | | 48730 | 5/9/2018 | 372.00 | | | | |
| | | 48731 | 5/4/2018 | 921.00 | | | | |
| | | 48732 | 5/4/2018 | 1,287.00 | | | | |
| | | 48733 | 5/4/2018 | 1,287.00 | | | | |
| | | 48734 | 5/4/2018 | 792.00 | | | | |
| | | 48735 | 5/8/2018 | 1,287.00 | | | | |
| | | 48736 | 5/7/2018 | 1,017.00 | | | | |
| | | 48737 | 5/7/2018 | 888.00 | | | | |
| | | 48739 | 5/8/2018 | 792.00 | | | | |
| | | 48740 | 5/8/2018 | 483.00 | | | | |
| | | 48742 | 5/4/2018 | 1,653.00 | | | | |
| | | 48743 | 5/4/2018 | 1,635.00 | | | | |
| | | 48744 | 5/4/2018 | 483.00 | | | | |
| | | 48745 | 5/8/2018 | 1,708.00 | | | | |

| Debtor Transferor | Payee | Inv. No. | Inv. Date | Inv. Amt. | Check No. | Check Date | Clear Date | Check Amount |
|---|---|---|---|---|---|---|---|---|
| | | 48746 | 5/4/2018 | 1,609.00 | | | | |
| | | 48748 | 5/9/2018 | 555.00 | | | | |
| | | 48751 | 5/8/2018 | 705.00 | | | | |
| | | | | | | | | |
| | | 49003 | 5/18/2018 | 39.00 | 196874 | 8/7/2018 | 8/27/2018 | $   9,028.00 |
| | | 49004 | 5/18/2018 | 132.00 | | | | |
| | | 49005 | 5/16/2018 | 156.00 | | | | |
| | | 49006 | 5/18/2018 | 48.00 | | | | |
| | | 49007 | 5/18/2018 | 117.00 | | | | |
| | | 49008 | 5/17/2018 | 81.00 | | | | |
| | | 49009 | 5/18/2018 | 39.00 | | | | |
| | | 49010 | 5/16/2018 | 132.00 | | | | |
| | | 49011 | 5/16/2018 | 132.00 | | | | |
| | | 49012 | 5/18/2018 | 252.50 | | | | |
| | | 49014 | 5/18/2018 | 363.00 | | | | |
| | | 49015 | 5/18/2018 | 1,130.50 | | | | |
| | | 49016 | 5/18/2018 | 1,206.50 | | | | |
| | | 49017 | 5/18/2018 | 306.00 | | | | |
| | | 49018 | 5/18/2018 | 1,043.50 | | | | |
| | | 49019 | 5/16/2018 | 942.00 | | | | |
| | | 49022 | 5/16/2018 | 529.00 | | | | |
| | | 49137 | 6/1/2018 | 516.00 | | | | |
| | | 49140 | 6/1/2018 | 713.00 | | | | |
| | | 49141 | 6/1/2018 | 503.00 | | | | |
| | | 49142 | 6/1/2018 | 647.00 | | | | |
| | | | | | | | | |
| | | | | $  30,641.40 | | | | $  30,641.40 |